Raul Ernest ALONSO–PRIETO, Plaintiff–Appellant,

v.

B. PIERCE, Kern County Sheriff Deputy, Defendant–Appellee.

No. 14–17557.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 20, 2016.*

Filed Jan. 27, 2016.

Raul Ernest Alonso–Prieto, South Gate, CA, pro se.

Judith M. Denny, Deputy County Counsel, Kern County Counsel's Office, Office of the County Counsel, Bakersfield, CA, for Defendant–Appellee.

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Raul Ernest Alonso–Prieto, a former federal prisoner, appeals pro se from the district court's judgment dismissing his action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to prosecute, *Al–Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir.1996), and we affirm.

The district court did not abuse its discretion by dismissing with prejudice Alonso–Prieto's action for failure to prosecute in light of Alonso–Prieto's failure to file a pretrial statement, even after the district court warned him that his action would be dismissed with prejudice if he did not file a pretrial statement. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002) (discussing the five factors for determining whether to dismiss for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992) (although dismissal is a harsh penalty, the district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citation and internal quotation marks omitted)). Alonso–Prieto's contention that he failed to prosecute because he is blind is unsupported by the record.

Because we affirm the district court's dismissal of Alonso–Prieto's action for failure to prosecute, we do not consider Alonso–Prieto's challenges to the district court's interlocutory orders. *See Al-*

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Torki,* 78 F.3d at 1386 ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute[.]").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.